FILED
April 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002551244

8
DEANE SELLON [CSB #80650]
Attorney at Law
210 Fourth Street
Yreka, California 96097
(530) 841-0251

Attorney for Debtors,
Williams, Allen Timothy and
Williams, Verlyne Adehl

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re: )
)  IN PROCEEDINGS UNDER
WILLIAMS, ALLEN TIMOTHY and )  CHAPTER 7
WILLIAMS, VERLYNE ADEHL )
) BANKRUPTCY NO 2010-23059-C-7
)
) Docket Control No: *DES- 1*
Debtor. )
) **MOTION REQUIRING TRUSTEE
_____) TO ABANDON DEBTORS
BUSINESS**

Date: May 11, 2010
Time: 9:30 a.m.
Courtroom: "35" 6th Floor

    Debtors, ALLEN TIMOTHY WILLIAMS and VERLYNE ADEHL WILLIAMS, by and through their attorney of record, Deane Sellon, do hereby move the Court for an Order requiring the Chapter 7 Trustee in Bankruptcy, Michael P. Dacquisto, to abandon the business known as "A1 Auto Repair" and the equipment and inventory of that business valued at $7,300.00 which is listed as item 28 on Schedule B-Personal Property, in that said business is burdensome to the estate or in the alternative is of inconsequential value and benefit to the estate as set forth in 11 U.S.C. section 554. Debtors have fully exempted the business as set forth in Schedule C-Property Claimed as Exempt in the sum of $7,300.00.

1. Debtor commenced this within bankruptcy by the filing of a voluntary chapter 7 petition on or about February 9, 2010; thereafter, Michael P. Dacquisto, was appointed trustee herein, and thereafter qualified as such, and ever since has been, and now is, the duly appointed, qualified and acting trustee of this chapter 7 estate.

2. On March 31, 2010, the 341a hearing was held in Redding, California. After examination by the trustee it did not appear that there where any assets available for the benefit of creditors and all assets scheduled in the bankruptcy are properly claimed as exempt by the debtors under Section 703.140 et. seq., of the California Code of Civil Procedure. A Notice of Filing Report of No Distribution was filed with the Court on April 1, 2010, a copy of which is attached hereto as Exhibit "A" and incorporated herein.

3. As set forth in Schedule B-Personal Property, item 28, (some of the equipment and supplies should have been listed under item 29 but were listed with the office equipment and furnishings which is item 28) the debtors listed their automotive repair business known as "A1 Auto Repair" and included an itemized listing of the equipment and inventory. A copy of the attached list of equipment and inventory is attached hereto. The value of the business is the sum of $7,300.00. Both debtors work in the family business and claimed the business as fully exempt on Schedule C-Property Claimed as Exempt.

4. In that the value of the business does not exceed the allowable exempt, the business is of insufficient value to designate this bankruptcy case as an asset case. Debtors are requesting that the Court find that the business has no value, or is of inconsequential value and benefit to the estate, or in the alternative that the business is burdensome to the estate.

MOTION TO ABANDON REAL PROPERTY     -2-

5. Debtors are requesting an order of this court that said business be abandoned and not administered in this case as property of the bankruptcy estate. Debtors are also requesting an order of this Court authorizing and directing the trustee to abandon said business pursuant to Bankruptcy Code section 554(a).

Dated: April 9, 2010

_____
DEANE SELLON
Attorney for Debtors

MOTION TO ABANDON REAL PROPERTY    -3-

# VERIFICATION

We, ALLEN TIMOTHY WILLIAMS and VERLYNE ADEHL WILLIAMS, do hereby declare that we are the debtors/applicants named in the above-captioned Chapter 7 Petition in Bankruptcy. That we have read the foregoing Motion to Require Trustee to Abandon Debtors' Business and know the contents thereof. We declare that the statements therein are true and correct of our own knowledge, except as to those statements which are made upon information and belief, and as to those statements, we believe them to be true.

We declare under penalty of perjury that the foregoing is true and correct and that this Verification was executed on April 9, 2010, at Yreka, California.

ALLEN TIMOTHY WILLIAMS
Debtor

VERLYNE ADEHL WILLIAMS
Debtor



**UNITED STATES BANKRUPTCY COURT**
**Eastern District of California**

Robert T Matsui United States Courthouse
501 I Street, Suite 3-200
Sacramento, CA 95814

(916) 930-4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM

**FILED**

**4/1/10**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

auto

# NOTICE OF FILING REPORT OF NO DISTRIBUTION, COMBINED WITH ORDER FIXING DEADLINE TO OBJECT THERETO

| | |
|---|---|
| Case Number: 10-23059 – C – 7 | Last Day to File an Objection: 05/01/2010 |

**Debtor Name(s) and Address(es):**

Allen Timothy Williams
6627 Donna Dr
Yreka, CA 96097

Verlyne Adehl Williams
6627 Donna Dr
Yreka, CA 96097

**OTHER NAMES USED WITHIN 8 YEARS BEFORE FILING THE PETITION:**

A-1 Automotive
A-1 Auto
Yreka Outlands Inc
A-1 Auto Sales
Yreka Motor Sports

| | |
|---|---|
| **Trustee:** | Michael P. Dacquisto<br>PO Box 992631<br>Redding, CA 96099 |
| **Telephone Number:** | 530-244-6267 |

**Office of the United States Trustee:**

For cases in the Sacramento Division and Modesto Division: 501 I Street, Room 7-500, Sacramento, CA 95814
For cases in the Fresno Division: 2500 Tulare Street, Suite 1401, Fresno, CA 93721

**NOTICE IS HEREBY GIVEN THAT:** The trustee in the above case has filed a "Report of No Distribution," stating there are no funds available from the estate for distribution to creditors. The report contains the trustee's certification that the estate has been fully administered.

**IT IS ORDERED AND YOU ARE FURTHER NOTIFIED THAT:** Unless an objection is filed by the United States Trustee or a party in interest on or before the date shown above, the Court will presume the estate fully administered and proceed to close the case. Any objection shall state with particularity the grounds therefor (see **NOTE** below), and shall be accompanied by a notice of hearing with the date and time filled in. Self set calendar procedures and available hearing dates are posted under *Court Calendars* on the Court's web site (www.caeb.uscourts.gov).

The objection, notice of hearing, and any supporting documents shall be served on the trustee, and unless filed by the United States Trustee, transmitted to the Office of the United States Trustee by the objecting party on or before the date of filing with the Clerk. Proof of Service and transmittal of the objection, notice of hearing, and any supporting documents shall be filed concurrently with such pleadings, or within (3) court days.

If no objections are filed, no hearing will be calendared, and after the resolution of any pending matter and the entry of an order granting or denying the debtor's(s') discharge, the Court will, without further notice, enter an order discharging the trustee and closing the case.

Dated:
4/1/10

For the Court,
Richard G. Heltzel, Clerk

**NOTE:** Examples of matters which are appropriate grounds for hearings on objections to the trustee's report include, but are not limited to, failure by the trustee to collect and reduce to money the property of the estate; failure of the trustee to account for all property received; and failure by the trustee to investigate the financial affairs of the debtor. Examples of matters which are **not** appropriate for hearings on objections to the trustee's report include general objections to the debtor's discharge; objections to the dischargeability of specific debts; failure to be paid on a debt owed (except in an asset case where the trustee made a distribution in accordance with 11 U.S.C. Section 726, but improperly failed to include the objecting party in such distribution); and return of property.



In re  ALLEN TIMOTHY WILLIAMS,
VERLYNE ADEHL WILLIAMS

Case No. _____

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 2006 Suzuki 700 Quad | C | 3,200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | A1 Auto Repair see attahed list of Equipment and Inventory | C | 7,300.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | 1999 Freightliner water tender | C | 19,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total    29,500.00
(Total of this page)
Total    102,547.00

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property



(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

1 USED EQUIPMENT

1 7K ROTARY LIFT
1 9K WESTERN LIFT
1 12 K ROTARY LIFT
1 SCOPE
1 SMOG MACHINE
1 R134A MACHINE BROKEN
1 R12 MACHINE
1 COOLANT FLUSH MACHINE
2 OIL CONTAINERS
1 BATTERY CHARGER
1 ATF FLUSH MACHINE BROKEN
1 COIL SPRING PRESS
1 PRESS
1 ARC WELDER
1 TIRE MACHINE
1 WHEEL BALANCER
1 BRAKE LATHE
1 GRINDER
1 DRILL PRESS
1 TORCH SET
OLD MANUALS
2 COMPUTERS
2 PRINTER
10 MISC STORAGE SHELVING
2 DESKS OLD METAL
2 OLD WOOD DESKS
2 CALCULATOR
3 FILE CABNET
1 PHONE
MISC DESK SUPPLIES
2 OLD TV'S
1 STORAGE RACK
MISC. TOOLS/ HOSES/ DRAIN PANS
1 AIR COMPRESSOR
1 VACCUME
1 MOP & BUCKET
1 BROOM
SUZUKI TOOLS
MISC CHEMICALS
MISC SHELVING
1 BROCHURE RACK
MISC CLOTHES RACKS/ SHELVING
MISC OFFICE SUPPLIES



EQUIPMENT OFFICE SMALL TOOLS 5000.00
SMALL TOOLS 1500.00
OLD SUZUKI LEFT OVER PARTS 200.00
LEFT OVER TRAILER PARTS / CAR PARTS 600.00

